UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JACKSON HEWITT INC., <br><br> Plaintiff, <br><br> v. <br><br> LARSON & SAVAGE, INC., RAYMOND MEDEIROS, CHUNFGU HSIEH, <br><br> Defendants. | Civil Action No. 13-403 (WJM) <br><br><br> <u>ORDER</u> |

  This is a trademark infringement and breach of franchise agreement case involving Plaintiff's income tax preparation business.  Presently before the Court is a motion to strike Defendants/Counterclaimants' answer and counterclaims and enter default as a result of their failure to comply with Court Orders. [CM/ECF No. 35.]  The individual Defendants, Raymond Medeiros and Chungfu Erik Hsieh, filed a letter in response to the motion. [CM/ECF No. 36.]  Since the motion has been pending, Mr. Hsieh filed a bankruptcy petition and the case is stayed as to him. [CM/ECF No. 38.]  The active defendants are Larson & Savage, Inc. and Raymond Medeiros.  The motion is temporarily resolved as follows and an in-person conference is scheduled.

  These are the facts relevant to the motion.  In October 2013, Defendants' then-counsel, Bennett Susser, Esq., requested permission to withdraw as Defendants' attorney.  On October 31, 2013, a consent order was submitted that: (1) relieved Mr. Susser as counsel; (2) provided Larson & Savage with 30 days to retain new counsel; and (3) allowed Mr. Hsieh and Mr. Medeiros to proceed *pro se*. [CM/ECF No. 31.]  The consent order, which is signed by both individual defendants, specifically states, in part:

> Defendants/Counterclaimants Raymond Medeiros and Chunfgu Hsieh understand and agree that they shall be bound by and will comply with the rules applicable to this Court,

> and understand that they will be required to
> appear in person before this Court in the District
> of New Jersey, as may be required by this Court.

(Consent Order at 2; emphasis added).

Despite the fact that Mr. Medeiros signed an order acknowledging that he would have to appear in-person in New Jersey, almost immediately after the consent order was submitted the individual defendants stated that they could not afford to travel to New Jersey and would not be attending a November 19th conference scheduled in this case.

Thereafter, the Court relieved Plaintiff's *client*—not counsel—from attending the November 19th conference, and the individual defendants requested permission to attend telephonically, which was denied. Defendants objected, claiming that they should be permitted to attend by telephone because Plaintiff's client was relieved from attending in-person. This argument suggests some confusion on Defendants' part. When Mr. Medeiros made the decision to proceed *pro se* and signed the consent order, he became the equivalent of his own counsel in this case. Thus, unlike client representatives who may or may not be required to attend court proceedings in-person when the Court directs (such as Plaintiff's *client* in this case), he, as a *pro se* litigant representing himself, must attend in-person. In all events, Defendants unequivocally stated that they would not attend on November 19th and the conference was cancelled and Plaintiff permitted to file its motion to strike.

The Court is cognizant of Mr. Medeiros's dilemma. However, he is participating in a federal case pending in New Jersey. It is not possible to defend the case entirely by telephone, without ever coming to New Jersey.

Having carefully considered how best to proceed in this case and very mindful of Mr. Medeiros's *pro se* status and the Third Circuit's preference that cases be decided on the merits whenever possible,[1] the Court will schedule an **in-person** conference to give Mr. Medeiros one final opportunity to defend this case in New Jersey and prosecute his counterclaims. This opportunity is afforded in order to comply with Third Circuit authority favoring litigation on the merits and also to clear up any confusion that Mr. Medeiros could have had regarding the last conference.

---

[1] A *pro se* litigant is entitled to some leniency, but ultimately must still comply with the Federal Rules of Civil Procedure and Court Orders. *See, e.g.*, *Hoxworth v. Blinder Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992); *Payamps v. Huan Le*, 2013 WL 6326379, at *3 (D.N.J. Dec. 4, 2013).

The in-person conference will be held on **April 25, 2014, at 10:00 a.m.**  Mr. Medeiros is expressly warned that if he does not appear at the conference, without further notice his answer may be stricken, his counterclaims dismissed, and default entered. Likewise, if no attorney enters an appearance on behalf of Larson & Savage prior to the April 25th conference, its pleading will be stricken and Plaintiff's motion granted as to it.[2]

Based on the above, Plaintiff's motion to strike is **administratively terminated** pending the April 25th conference.  The motion to strike is **denied without prejudice** as to Mr. Hsieh pending his bankruptcy proceedings.

Plaintiff's counsel is directed to serve a copy of this Order on Mr. Medeiros within 3 business days and file proof of service on the electronic docket.

                                          s/Mark Falk
                                          **MARK FALK**
                                          **United States Magistrate Judge**

**DATED: March 26, 2014**

---

[2] As a corporate entity, Larson & Savage must be represented by an attorney.  *See, e.g., Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202-03 (1993).